IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANGELA SMITH and**                                    **PLAINTIFFS**
**SHARON JACKSON**

**v.**                             **CASE NO. 4:24-CV-00469-BSM**

**CIGARETTE STORE, LLC;**
**SAVAGE ENTERPRISES, LLC;**
**ACS LABORATORY, LLC; MATTHEW**
**WINTERS; CHRISTOPHER WHEELER;**
**PRESTON WHEELER; and JOHN DOES**                        **DEFENDANTS**

<u>**ORDER**</u>

Cigarette Store, LLC d/b/a/ Smoker Friendly and Savage Enterprises; Matthew Winters; Christopher G. Wheeler, Individually and as Trustee of the Christopher G. Wheeler Revocable Trust; and Preston Wheeler (defendants) are moving to dismiss the complaint filed by Angela Smith and Sharon Jackson (plaintiffs) because it fails to state a claim upon which relief can be granted [Doc. Nos. 80 and 85]. The motions are granted on plaintiffs' Arkansas Drug Dealer Liability Act and breach of warranties claim as to all defendants other than Cigarette Store. It is denied on all other claims.

The motion to dismiss for lack of personal jurisdiction filed by Winters, Christopher Wheeler, and Preston Wheeler (separate defendants) [Doc. No. 85] is denied.

I. BACKGROUND

Plaintiffs allege that defendants violated federal and state law by selling and distributing vape pens containing illegal levels of Delta-9 THC. *See* Third Am. Compl. ("TAC") ¶¶ 35–49, Doc. No. 69. Defendants are as follows: (1) Cigarette Store, LLC d/b/a

Smoker Friendly, a Colorado limited liability company and retailer of vape pens; (2) ACS Laboratory, LLC, a Florida limited liability company and lab that produced certificates of analysis for the vape pens; (3) Savage Enterprises, LLC, a Wyoming limited liability company based in California and provider of vape pens; (4) Matthew Winters, a California individual and co-founder of Savage Enterprises; (5) Christopher Wheeler, a California individual and co-founder, former CEO and former president of Savage Enterprises; (6) Preston Wheeler, a California individual and former employee of Savage enterprises; (7) John Does 1–10, individuals or entities that have provided fraudulent certificates of analysis; (8) John Does 11–20, individuals or entities that have provided distillate to the other defendants; and (9) John Does 21–50, people or entities to whom the profits of the illegal sales have been distributed. Am. Compl. ¶¶ 9–10 and 12–16; Joint Mot. Dismiss Individual Defs., Exs. A–C, Doc. No. 85. Plaintiffs allege defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), Arkansas Drug Dealer liability Act (ADDLA), state tort law, state contract law, and have committed fraud.

     Cigarette Store and Savage Enterprises move to dismiss the complaint against them because plaintiffs have failed to state a claim upon which relief may be granted. Doc. No 80. The individual defendants move to dismiss the complaint against them for (1) failure to state a claim upon which relief may be granted and (2) lack of personal jurisdiction. Plaintiffs' requests for jurisdictional discovery and oral argument are denied.

## II. LEGAL STANDARD

A.    <u>Personal Jurisdiction</u>

To survive a motion for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The evidence must be viewed in a light most favorable to the plaintiff and all factual conflicts must be resolved in favor of the plaintiff. *Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

B.    <u>Failure to State a Claim</u>

To survive a motion to dismiss, the complaint must allege facts sufficient to create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P 12(b)(6). Although detailed allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). Materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may be considered. *Zean v. Fairview Health Servs..* 858 F.3d 520, 526 (8th Cir. 2017).

C.    <u>Fraud</u>

A heightened pleading standard is applied to claims grounded in fraud so that the defendant can "respond specifically and quickly to the potentially damaging allegations."

*OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*, 851 F.3d 800, 804 (8th Cir. 2017). When alleging fraud, "a party must state with particularity the circumstances constituting fraud. . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002).

### III. DISCUSSION

A. <u>Failure to State a Claim</u>

Defendants' motions to dismiss are granted on plaintiffs' Arkansas Drug Dealer Liability Act claim and breach of warranties claim as to all defendants other than Cigarette Store and denied on all other claims.

*1. Arkansas Drug Dealer Liability Act*

Plaintiffs' Arkansas Drug Dealer Liability Act claims are dismissed. To bring this claim, plaintiffs would have had to personally disclose to narcotics enforcement authorities, more than six months before filing the case, all the information known to them regarding their source of illegal drugs. Ark. Code Ann. § 16-124-105(a)(2)(A). Nothing in the record indicates that Jackson notified authorities of her illegal drug use. And, although Smith baldly alleges that she notified authorities of her illegal drug use more than six months before filing suit, this conflicts with the specific allegation that she purchased the vape pens on December 5, 2023, which is less than six months from the date this suit was filed on April 5, 2024.

TAC ¶¶ 38, 45, and 102; *see* Doc. No. 1 Notice of Removal at 13.  In that there is a direct conflict between a general allegation and a specific allegation in the complaint, the specific allegation is accepted as accurate.   Therefore, plaintiffs' ADDLA claims are dismissed.

### 2. Breach of Warranties

The motion to dismiss plaintiffs' breach of express and implied warranties claim is denied as to Cigarette Store and granted as to all other defendants.  A buyer must place a seller on notice of a breach within a reasonable time of discovering the breach.  Ark. Code Ann. § 4-2-607(3)(a).  Plaintiffs' third amended complaint contains inconsistent statements regarding notice, as it alleges, "In December of 2023, Smoker Friendly was placed on Notice that it was selling a Schedule I Controlled substance . . ." as well as "Savage was placed on notice in 2022 that its products were marijuana . . . Cigarette Store LLC was placed on notice that the products it was selling were a controlled substance in 2023, before Ms. Smith purchased the products . . . ." TAC ¶¶ 36 and 115.  Smith made her purchases on December 5, 2023 and Jackson made her purchases on December 20, 2023.  *Id.* ¶¶ 38 and 45.  While the notice requirements are not stringent, notice must be "sufficient to inform the seller that the *transaction* is claimed to involve a breach and thus open the way for negotiation." *Cotner v. Int'l Harvester Co.*, 545 S.W.2d 627, 630 (Ark. 1977) (emphasis added).  The problem here is that defendants could not be on notice of a breach prior to plaintiffs' transactions; however, plaintiffs also allege that they put Smoker Friendly (Cigarette Store) on notice in December of 2023.  For this reason, this claim may proceed only against Cigarette Store.

*3. RICO Claims (Counts VII–X)*

The motions to dismiss the RICO claims are denied because plaintiffs have plausibly alleged RICO violations.

    a.    Substantive RICO Claims

Plaintiffs have sufficiently alleged RICO violations. To overcome dismissal, plaintiffs must allege that "defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Reichert v. UB Mortg.*, LLC, No. 4:08-CV-00158-JMM, 2008 WL 3200757, at *2 (E.D. Ark. Aug. 5, 2008) (citing *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997)). Plaintiffs have met the relevant conduct element by alleging that Savage was the manufacturer, Cigarette Store was the retailer, and the individual defendants worked for Savage, placing defendants within "the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); TAC ¶¶ 167, 176, and 178. Plaintiffs have met the second element because an "enterprise includes any group . . . associated together for a common purpose of engaging in a course of unlawful conduct" and that is what plaintiffs allege. *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 651 (N.D. Ohio 2012) (citing 18 U.S.C. § 1961(4); *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Plaintiffs have met the third element by alleging at least two predicate offenses were committed within ten years of each other—i.e., (1) violations of the Controlled Substances Act and (2) mail and wire fraud. *See RJR Nabisco v. European Cmty.*, 579 U.S. 325, 329–30 (2016); TAC ¶¶ 155, 159, 161, 177, 180, and 197. Finally, plaintiffs sufficiently allege racketeering activity. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865,

6

882 (10th Cir. 2017) (selling marijuana is racketeering activity).

Defendants argue that the RICO claim must be dismissed because plaintiffs voluntarily dismissed Pharmlabs, LLC. *See* Def.s' Joint Reply Supp. Mots. Dismiss TAC at 2–7. Defendants, however, point to no authority supporting its contention that every party to a RICO enterprise must be named in a suit. Plaintiffs have alleged facts sufficient to state a claim that defendants, even without Pharmlabs, were associated for a common purpose of engaging in selling marijuana. TAC ¶¶ 156, 167 and 176.

b.  RICO Conspiracy

The motions to dismiss the conspiracy claim are denied. To establish a RICO conspiracy, plaintiffs must allege that defendants committed a substantive RICO violation and that it objectively manifested an agreement to participate in the affairs of a RICO enterprise. *See Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F. Supp. 3d 628, 646 (N.D. Iowa 2021) (citing *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995)). Plaintiffs meet the first requirement as explained in the previous section. They meet the second requirement because they allege that Savage manufactured the vape pens, the individual defendants worked for Savage, and that the Cigarette Store sold the pens. They also allege that each defendant was aware that the pens were illegal and were "aware of the scope of the enterprise and intended to participate in it." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402 (8th Cir. 2017) (citation omitted); TAC ¶¶ 13, 20, and 31. Although this allegation is thin, it is enough to survive dismissal.

*4. Fraud*

Defendants' motions to dismiss plaintiffs' fraud claims are denied. To state a claim for fraud, plaintiffs must allege "(1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Wochos v. Woolverton*, 378 S.W.3d 280, 288 (Ark. Ct. App. 2010). Plaintiffs have alleged that certain vape pen labels were fraudulent and false based on inaccurate THC content; defendants were aware of the inaccuracy and had the intent to deceive plaintiffs into purchasing the vape pens; plaintiffs relied on the labels indicating the vape pens were legal; and suffered economic loss. TAC ¶¶ 120–25.

Defendants argue that plaintiffs have not met the heightened pleading requirement of Rule 9(b). Plaintiffs must allege "who, what, where, when, and how." *See Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013). Plaintiffs specifically accused the "manufacturing defendants" (Savage Enterprises, Christopher Wheeler, Preston Wheeler and Matthew Winters) of putting labels on vape pens that stated the product contained less than 0.3% THC with the intent to deceive consumers into believing the products were legal. TAC ¶ 120. Additionally, plaintiffs allege that the Savage Defendants, Lab Defendants, and Cigarette Store knowingly and willfully participated in the marketing, distribution, and sale of the vape pens. *Id.* ¶¶ 95 and 97. This is sufficient to overcome dismissal.

*5. Unjust Enrichment and Disgorgement*

Defendants' motions to dismiss plaintiffs' unjust enrichment and disgorgement claims are denied. Although the allegations are thin to make out a claim, plaintiffs state that they paid money to defendants for illegal products and retention of those profits is unjust. *Lewis v. AT & T Mobility*, 387 S.W.3d 234, 239 (Ark. Ct. App. 2011); TAC ¶¶ 135, 139–42. Defendants argue that since plaintiffs' breach of warranty claims rely on the existence of a contract, they are precluded from seeking recovery on the basis of unjust enrichment. Def.s' Br. at 20. Arkansas, however, allows for alternative theories of recovery to survive a motion to dismiss. *Grayson & Grayson, P.A. v. Couch*, 678 S.W.3d 789, 801 (Ark. Ct. App. 2023), reh'g denied (Dec. 6, 2023).

*6. Negligence*

Defendants' motions to dismiss plaintiffs' negligence claims are denied. Plaintiffs allege that defendants owed them a duty, the duty was breached, and the breach was the proximate cause of plaintiffs' damages. *See Rodriguez v. Chakka*, 687 S.W.3d 592, 595 (Ark. Ct. App. 2024), reh'g denied (May 15, 2024), review denied (Sept. 26, 2024). Defendants' argument that the complaint does not distinguish which defendant had what duty and that the products are not properly identified is noted, but denied. The complaint alleges each product that plaintiffs purchased and alleges facts that distinguish defendants' actions. TAC ¶¶ 38, 45, and 146–49. Viewing the complaint in the light most favorable to plaintiffs, the motion is denied.

*7. Fraudulent Transfer*

Individual defendants' motions to dismiss plaintiffs' fraudulent transfer claims are denied as to Chistopher Wheeler, Preston Wheeler, and Matthew Winters. Under California's Uniform Voidable Transactions Act, a transfer made by a debtor is voidable as to a creditor if the transfer was made with the intent to hinder, delay, or defraud any creditor. Cal. Civ. Code §§ 3439.04(a)(1). Such claims are governed by the local law of the jurisdiction of the debtor at the time of the transfer. Cal. Civ. Code § 3439.10(b). Plaintiffs generally allege that individual defendants were misappropriating company funds and did so with the intent to defraud plaintiffs, knowing of circumstance that would give rise to future liability, rendering such transfer voidable. TAC ¶¶ 140–41. This is enough to survive dismissal.

Defendants argue that plaintiffs' fraudulent transfer allegation is also against Brittany Hawkins, Winters's sister and one of three directors of Savage, who is not a party to the case. Federal Rule of Civil Procedure 10(a) provides that "the title of the actions in a complaint 'shall include the names of all the parties.'" *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006). While the title is not determinative, it should be given considerable weight in determining who the parties are. *Id.* Brittany Hawkins is not named in the caption of this action, there is nothing on the docket that indicates Hawkins has been served with the complaint, and plaintiffs have been given three opportunities to amend their complaint already. *See* Doc. Nos. 6, 45, 69, and 73–77. Therefore, Hawkins is not a party to this suit.

*7. Fraudulent Transfer*

Individual defendants' motions to dismiss plaintiffs' fraudulent transfer claims are denied as to Chistopher Wheeler, Preston Wheeler, and Matthew Winters. Under California's Uniform Voidable Transactions Act, a transfer made by a debtor is voidable as to a creditor if the transfer was made with the intent to hinder, delay, or defraud any creditor. Cal. Civ. Code §§ 3439.04(a)(1). Such claims are governed by the local law of the jurisdiction of the debtor at the time of the transfer. Cal. Civ. Code § 3439.10(b). Plaintiffs generally allege that individual defendants were misappropriating company funds and did so with the intent to defraud plaintiffs, knowing of circumstance that would give rise to future liability, rendering such transfer voidable. TAC ¶¶ 140–41. This is enough to survive dismissal.

Defendants argue that plaintiffs' fraudulent transfer allegation is also against Brittany Hawkins, Winters's sister and one of three directors of Savage, who is not a party to the case. Federal Rule of Civil Procedure 10(a) provides that "the title of the actions in a complaint 'shall include the names of all the parties.'" *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006). While the title is not determinative, it should be given considerable weight in determining who the parties are. *Id.* Brittany Hawkins is not named in the caption of this action, there is nothing on the docket that indicates Hawkins has been served with the complaint, and plaintiffs have been given three opportunities to amend their complaint already. *See* Doc. Nos. 6, 45, 69, and 73–77. Therefore, Hawkins is not a party to this suit.

B.      <u>Personal Jurisdiction Under 12(b)(2)</u>

Separate defendants' motions to dismiss for lack of personal jurisdiction is denied because the RICO claim has not been dismissed and therefore, jurisdiction is proper under 18 U.S.C. section 1965. *Gatz v. Ponsoldt*, 271 F. Supp. 2d 1143, 1152 (D. Neb. 2003). Defendants do not challenge personal jurisdiction over Savage Enterprise, making exercise of jurisdiction over the remaining defendants proper under section 1965. *Id.*; Reply at 11. Additionally, there is jurisdiction over the non-RICO claims because plaintiffs' other claims arise out of the same nucleus of facts. *See Gatz*, 271 F Supp. at 1154 (collecting cases).

## IV. CONCLUSION

For these reasons, defendants' motions are granted on plaintiffs' Arkansas Drug Dealer Liability Act and breach of warranties claim as to all defendants other than Cigarette Store and denied as to the remaining claims and individual defendants' motion to dismiss for lack of personal jurisdiction is denied.

IT IS SO ORDERED this 6th day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE